IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-201-BO

| | |
|---|---|
| DAVID MICHAEL LAUGHLIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, )<br>*Acting Commissioner of Social Security*, )<br>)<br>Defendant. ) | O R D E R |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on July 8, 2016, at Elizabeth City, North Carolina. For the reasons discussed below, the decision of the Commissioner is reversed and this matter is remanded for an award of benefits.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits (DIB) and supplemental security income pursuant to Titles II and XVI of the Social Security Act. Plaintiff filed for DIB and SSI on August 8, 2013, alleging disability since November 15, 2012. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since his alleged onset date. Plaintiff's degenerative disc disease and status post right ankle fracture were considered severe impairments at step two but were not found alone or in combination to meet or equal a Listing at step three. The ALJ concluded that plaintiff's RFC would allow him to perform medium work with some exertional limitations. The ALJ found that plaintiff could not return to his past relevant work as a trim and supervising carpenter, but that, considering plaintiff's age, education, work experience, and RFC, there were other jobs that existed in significant numbers in the national economy that plaintiff could perform, including kitchen helper, store laborer, and cleaner/janitor. Thus, the ALJ determined that plaintiff was not disabled as of the date of her decision.

Substantial evidence does not support the ALJ's finding that plaintiff could perform medium work with limitations. An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a)(3). An RFC finding should reflect the claimant's ability to perform sustained work-related activities in a work setting on a regular and continuing basis, meaning eight-hours per day, five days per week. SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006). Medium work requires a claimant to be able to lift no more than fifty pounds at a time with frequent lifting or carrying of objects up to twenty-five pounds. 20 C.F.R. § 404.1567(c). There is no limitation in medium work to the amount of walking or standing an individual must perform. *Id.* Light work involves lifting no more than twenty pounds at a time with frequent lifting and carrying of objects up to ten pounds. 20 C.F.R. § 404.1567(b). A job will be considered light work if it either involves a good deal of standing or walking or sitting most of the time with some pushing and pulling. *Id.*

A consultative physician with Disability Determination Services, Dr. Gebrail, examined plaintiff in December 2013. Tr. 350-53. Dr. Gebrail noted that plaintiff reported having chronic low back pain that had progressively worsened over the years, that MRIs revealed herniated discs, and that plaintiff had never attended an advanced pain clinic or had a surgical consultation due to financial restraints. Tr. 350. Dr. Gebrail further noted tenderness in plaintiff's cervical and lumbar regions, radiculopathy extending to plaintiff's right knee, and opined that plaintiff would at that time "have difficulty with heavy lifting, bending, twisting, . . . prolonged sitting and prolonged standing" due to his neck and back pain. Tr. 353. Two non-examining physicians reviewed plaintiff's records. Tr. 61-72; 95-115. The first determined that plaintiff's credibility could not be assessed due to insufficient medical evidence, Tr. 79, while the second determined

4

that plaintiff's statements were not credible based on the evidence in the file and that he would be able to perform the requirements of medium work. Tr. 114-115.

The ALJ found that plaintiff had medically determinable impairments, namely degenerative disc disease in his cervical and lumbar spine as documented by MRI. The ALJ afforded little weight to Dr. Gebrail's opinion as to plaintiff's limitations from his neck and back pain because they were "based on the claimant's subjective allegations and not supported by the findings of Dr. Gebrail's examination of the claimant, his conservative treatment, and his activities of daily living." Tr. 25-26.

Dr. Gebrail's opinion is the only opinion of plaintiff's functional limitations by an examining physician in the record. The ALJ's decision to afford it less weight is not supported by substantial evidence. First, as the ALJ found, plaintiff had medically determinable impairments which would reasonably be expected to cause pain. Once an impairment that could reasonably be expected to cause pain is shown by medically acceptable evidence, a claimant may demonstrate the intensity or severity of the pain by subjective evidence. *See e.g. Hines*, 453 F.3d at 564. SSR 96-7p further recognizes that symptoms can suggest a greater level of impairment than can be shown by objective medical evidence.

Second, that Dr. Gebrail found plaintiff to have a stable gait and 5/5 motor strength in his shoulders and lower extremity muscle groups is not necessarily inconsistent with an opinion that plaintiff would have difficulty with heavy lifting, bending, and prolonged sitting and standing. Indeed, the ability to lift and carry fifty pounds and up to twenty-five pounds frequently is not addressed by a finding that a person has 5/5 motor strength in a muscle group on exam. *See, e.g., Eltanikhy-Mazzarella v. Astrue*, 2012 U.S. Dist. LEXIS 8675, at *83 n.57 (S.D.N.Y. Jan. 4,

5

2012) (noting that a finding "that plaintiff retained good muscle strength and experienced no muscle atrophy" would not, without more, contradict a physician's opinion that the claimant had "serious restrictions on her ability to work."). Third, as noted by Dr. Gebrail, plaintiff's lack of or conservative treatment can be explained by limited financial resources. *See Gordon v. Schweiker*, 725 F.2d 231, 237 (4th Cir. 1984) ("It flies in the face of the patent purposes of the Social Security Act to deny benefits to someone because he is too poor to obtain medical treatment that may help him.").

The ALJ's reliance on plaintiff's reported daily activities to discount his credibility as to his functional limitations is also misplaced. That plaintiff could attend Alcoholics Anonymous meetings and talk to friends on the phone, for example, does not support a finding that plaintiff's allegations of pain were not credible and that plaintiff could sustain medium exertional work on a regular and continuing basis. Tr. 270. While plaintiff noted on his function report that could feed his grandchild a bottle and take his pets to the vet, *id.*, he further testified at the hearing before the ALJ that he might play with his grandchild when her mother was at home, that he drives to the store usually once per week, and that he doesn't sleep well at night due to pain and lies down a good deal during the day. Tr. 41-43. These statements are not inconsistent with Dr. Gebrail's opinion that plaintiff would have difficulty doing heaving lifting, bending, or twisting and with prolonged sitting or standing.

*Reversal for Award of Benefits*

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015

6

(4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

The Court in its discretion finds that reversal and remand for an award of benefits is appropriate in this instance. The ALJ has adequately explained her reasoning but the record before this Court properly supports a finding that plaintiff is limited to less than medium work. Because if plaintiff was so limited Medical Vocational Rule 202.06 would direct a finding of disability, there is no benefit to be gained from remanding this matter for further consideration and reversal is appropriate. 20 C.F.R. Pt. 404, Subpt. P, App'x II § 202.06.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 19] is GRANTED and defendant's motion for judgment on the pleadings [DE 20] is DENIED. The decision of the ALJ is REVERSED and this matter is REMANDED to the Commissioner for an award of benefits.

SO ORDERED, this __18__ day of July, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

7